**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Chad Eugene Gibbs, Respondent.

Appellate Case No. 2025-000368

Appeal From Lexington County
Debra R. McCaslin, Circuit Court Judge

Unpublished Opinion No. 2026-UP-365
Submitted June 1, 2026 – Filed July 15, 2026

**REVERSED AND REMANDED**

Attorney General Alan McCrory Wilson, and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia, both for Appellant.

James Todd Rutherford, of The Rutherford Law Firm, LLC, of Columbia, for Respondent.

**PER CURIAM:** This case involves whether a defendant's time on bond with GPS monitoring counts as "monitored house arrest" for purposes of time served credit. Gibbs pled guilty to two counts of second-degree sexual exploitation of a minor for an incident involving his stepdaughter. The plea court sentenced Gibbs to

concurrent eight-year terms of imprisonment and awarded Gibbs 1,831 days of credit for the time he spent on bond with a GPS monitor. On appeal, the State argues Gibbs was not entitled to credit for time served because section 24-13-40 of the South Carolina Code (2025) only allows discretionary credit when a defendant is on monitored house arrest. We reverse and remand for resentencing.

Section 24-13-40 requires sentencing courts to give a defendant credit for jail time served prior to trial and gives the court discretion to award a defendant credit for time spent on "monitored house arrest." § 24-13-40 ("[I]n computing the time served by a prisoner, full credit against the sentence must be given for time served prior to trial and sentencing, and *may be given for any time spent under monitored house arrest*." (emphasis added)).

Gibbs argues the court did not err in granting time served credit because his GPS-monitored bond was tantamount to "monitored house arrest." We disagree. Initially, Gibbs was released on a $100,000 surety bond with GPS monitoring. The only restrictions on his bond were to have no contact with the victim and to not return to the victim's residence. In July 2020, he appeared in front of the circuit court requesting that the GPS monitor be discontinued. The court modified his bond conditions, but declined to remove the GPS monitor, noting that Gibbs had been allowed to move out of state and was living in Pennsylvania. The modified bond order did not restrict his freedom of movement other than (1) he was still not allowed to return to the victim's residence; (2) he was required to stay in Pennsylvania and could only return to South Carolina "to attend court related proceedings or to visit his attorney of record or experts pertaining to the defense of his case[;]" (3) he was "allowed to travel to the states adjoining Pennsylvania for work purposes with advance notice to his bondsman[;]" and (4) he was required to "notify his attorney and the court of any intended trips and locations" for prior court approval. We find these conditions do not amount to "monitored house arrest."

Section 17-15-35 of the South Carolina Code (Supp. 2025) governs electronic monitoring as a bond condition. The statute makes clear that electronic monitoring may include other conditions, such as restrictions on travel and curfews, but does not always involve house arrest. *See* § 17-15-35(B)(1) (stating the court may order electronic monitoring "in lieu of setting or requiring the posting of bond or as an additional condition of the release on bond").

The South Carolina "Home Detention Act" governs when a defendant is placed on house arrest pre- and post-trial. S.C. Code Ann. § 24-13-1530 (2025). House

arrest may be monitored or unmonitored, but generally the person is confined to the home with specific exceptions for things like medical appointments and court appearances. *See* § 24-13-1530(A); S.C. Code Ann. § 24-13-1540 (2025).

Reading these statutes together, we find that "monitored house arrest" requires the defendant to be confined to the home with restrictions on the defendant's freedom. We do not feel GPS monitoring without such restrictions can be fairly characterized as "monitored house arrest." Here, Gibbs was given significantly more freedom than allowed in standard bond conditions, which typically do not allow the defendant to leave the state. Gibbs was allowed to move out of state and even granted permission from the court to travel to Boston and Portland, Maine. As long as he did not leave the state in which he was authorized to reside in or travel to, he was permitted to freely come and go from his home without restriction.

In our view, section 24-13-40 allows a sentencing judge to give a defendant credit for the time spent on house arrest, but the sentencing court has no authority to give credit for time spent on electronic monitoring without house arrest restrictions.

Our supreme court made a similar finding in *State v. Field*, 429 S.C. 578, 840 S.E.2d 548 (2020). While the court affirmed the sentence on error-preservation grounds, in dicta the court agreed with the State's argument that the trial court erred in awarding credit for the time Field spent on GPS monitoring but not subject to house arrest. *Id.* at 581, 840 S.E.2d at 550. Field was initially released on bond with electronic monitoring and was also subject to house arrest. *Id.* at 580–81, 840 S.E.2d at 549. After five months, his attorney asked the bond court to take him off house arrest. *Id.* at 581, 840 S.E.2d at 550. The bond court released him from house arrest but left the electronic monitor in place for another ten months before Field pled guilty and was sentenced. *Id.* The trial court gave Field credit for the entire fifteen months he was on bond subject to electronic monitoring and the State appealed. *Id.* at 580, 840 S.E.2d at 549. The supreme court found "[t]he State present[ed] a strong argument on the merits" that being on electronic monitoring is not the same as being on house arrest. *Id.* The court "agree[d] that the sentencing court did not have the authority to give Field credit for the entire fifteen months," however, the court declined to reach the merits because the State did not object at the time of sentencing. *Id.* at 581, 840 S.E.2d at 550.

Accordingly, we find the court should not have given Gibbs credit for the time he spent on GPS-monitored bond. This case is reversed and remanded to the sentencing court to impose a sentence consistent with this opinion.

**REVERSED AND REMANDED.** [1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.